<div style="float:right">CHEVALIER<br>*v.*<br>WHATLEY.</div>

continue, to belong to the *Whatleys*, and *William Simmons*, who seems to have worked faithfully enough for them to earn, at least, his living, died in their employ, and left nothing to put upon an inventory.

The two hundred dollars, the professed consideration of the other sale, it is proven, were never paid.

It seems from some testimony in the record, that shortly before his death, *Simmons* discovered and complained of the artifices by which he had been wheedled out of his property, and a conditional promise of restitution was made by his aunt. These suits were brought immediately after his death.

If the District Judge had not changed his mind on the question of the admissibility of the evidence of fraud, and told the jury to disregard it, we cannot doubt but they would have found a verdict for the plaintiffs in the other case, as they did in the suit against *Wooten Whatley*. We are satisfied with the proof of fraud in both cases.

It is, therefore, ordered and decreed, that the judgment in the case of *Lavinia Chevalier et al.*, against *Julia Ann Whatley* and *husband*, be avoided and reversed, and that the verdict of the jury be set aside. And it is now ordered, adjudged and decreed, that the act of sale described in the petition be vacated and annulled, and that the plaintiffs, as heirs of *William Simmons*, be recognised as the true and lawful owners of the slave, *Nancy*, and her child, and recover possession of the same from the defendants, *Julia Ann Whatley* and *husband*. It is further ordered, that the judgment of the District Court, in the case of *Lavinia Chevalier et al* v. *Wooten W. Whatley*, be affirmed. And it is further ordered, that the defendants, in these consolidated cases, pay costs in both cases.

---

## STATE *v.* JOHNSON DOYAL

Three persons signed a bond for the appearance of *D.*, charged with an assault with a dangerous weapon. Two of the sureties delivered *D.* in compliance with their obligation under the bond. *D.* escaped, after the delivery, and the State sought to hold defendant, the other surety, liable. *Held:* When one, of several sureties, on a single bond, avails himself of the privilege of surrendering the prisoner, it must be presumed to be done in the interest of his co-sureties, as well as of himself, and it absolves all, if it absolves one.

A PPEAL from the District Court of Franklin, *Barry*, J.
    *W. H. Haugh*, District Attorney, for the State.  *A. Bonner*, for defendant and appellant.

SPOFFORD, J.  *Kinchen Lassiter*, *Philip B. Brown* and *Richard Doyal*, were accepted by the Sheriff of the Parish of Franklin, under judicial order, as bail for the appearance of *Johnson Doyal*, to answer a charge of an assault with a dangerous weapon. The usual appearance bond was given in the penal sum of $1,000, conditioned that the accused should appear at a certain term before the District Court of Franklin Parish, and there remain from day to day and from term to term, until discharged by the court. All the parties signed the same bond.

STATE
v.
DOYAL.

Two days before the arraignment of the accused, *Kinchen Lassiter* and *P. B. Brown*, two of the sureties appeared, "and in open court, surrendered and delivered into the hands of the sheriff, the defendant, *Johnson Doyal*, and asked to be released from his bond, which was granted, and they, *Kinchen Lassiter* and *P. B. Brown*, were released from said bond."

Afterwards, the prisoner escaped, and the bond aforesaid was forfeited against the remaining surety, *Richard Doyal*, who has appealed.

The bond was a single instrument. *Non constat*, that the sheriff would have accepted *Richard Doyal* alone, as sufficient bail for the prisoner, or that *Richard Doyal* alone, would have been willing to stand bail.

When two of the sureties availed themselves of the Statute and surrendered the accused "into the hands of the sheriff," he became again a prisoner, and the contract of bail was at an end. The sheriff could enlarge the prisoner only by taking a new appearance bond. It does not appear that any new bond was taken and the appellant was improperly held upon the old one which had been discharged.

It is true the Statute reads "any surety may be relieved from responsibility by making a formal surrender of the defendant, or party accused, to the sheriff, or his deputy, in open court, or within the four walls of the prison of the Parish, and not otherwise." Revised Stat., p. 170. But when one, of several sureties, on a single bond, avails himself of this privilege, it must be presumed to be done in the interest of his co-sureties as well as himself, and it absolves all, if it absolves one.

Judgment reversed. And it is ordered that the State take nothing by its motion.

# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF LOUISIANA,

### AT

# OPELOUSAS.

### AUGUST, 1856.

#### PRESENT:

Hon. E. T. Merrick, *Chief Justice.*

Hon. A. M. Buchanan,
Hon. H. M. Spofford,
Hon. C. Voorhies,
Hon. J. N. Lea.

*Associate Justices.*

☞ These cases were not reported in the volume for 1856, in consequence· of the Transcripts not having been received by the former Reporter, W. M. Randolph, and they are now reported by him.—Rep.