## NICHOLS v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
November 1, 1927.

No. 2141.

1. Bail ⊕76—Rule of strict construction applies to sureties on bail bond, and surety's liability cannot be extended by construction or implication.

Though sureties on a bail bond have certain rights over the principal which do not accrue under an ordinary suretyship, the rule of strict construction applies, and surety's liability cannot be extended by implication or construction beyond scope of his engagement.

2. Bail ⊕74(1)—Both sureties on separate recognizances held discharged on substitution of another surety for surety surrendering defendant without associate's consent.

Where each of two sureties furnished separate recognizances, totaling amount fixed by court, surrender of defendant by one surety and substitution of another surety in its place, without consent of associate surety, discharged both sureties under the original bailment.

In Error to the District Court of the United States for the District of Rhode Island; George F. Morris, Judge.

Scire facias by the United States against Walter G. Nichols and another as sureties on recognizances. Judgment was rendered against both sureties (19 F.[2d] 375), and the named surety brings error. Reversed and remanded.

Charles A. Kiernan, of Providence, R. I. (Daniel T. Hagan, of Providence, R. I., on the brief), for plaintiff in error.

Russell P. Jones, Asst. U. S. Atty., of Providence, R. I. (John S. Murdock, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The question in this case is whether Nichols is liable as surety as a bail bond. Dewey M. Parker was indicted for conspiracy to import, transport, etc., liquor, and to bribe the Coast Guard. He was arrested. On April 9, 1926, he was ordered to recognize in the sum of $5,000. Bail was taken in open court, in two separate recognizances for $2,500 each, in both of which Parker was principal—one with Nichols as surety, and the other with the Southern Surety Company as surety. The first applicable docket entry is as follows: "April 9, 1926. Defendant Dewey M. Parker produced from custody and recognizes in $5,000 with two sureties, Walter G. Nichols and Southern Surety Company of Des Moines, Iowa, each in the sum of $2,500." The next pertinent docket entry reads: "October 20, 1926. Bondsman for Dewey M. Parker, Southern Surety Company of Des Moines, Iowa, surrenders principal and is discharged. Deft. Parker gives new bond in sum of $2,500, with Columbia Casualty Company of New York, surety." On December 6, 1926, Parker was called for trial and made default. Thereupon Nichols and the Columbia Casualty Company were called in

open court, and a default entered against each. A writ of scire facias was issued, returnable forthwith. Judgment was entered against the Columbia Casualty Company and paid. Nichols defended, but was held liable.

Nichols' main contention, and the only one we find it necessary to consider, is that Parker's surrender by the Southern Surety Company ended all liability of both sureties under the original bailment. We think this contention is well grounded.

[1] While sureties on a bail bond have certain rights over the principal which do not accrue under an ordinary suretyship, the familiar rule of strict construction applies. Reese v. United States, 9 Wall. 13, 21, 19 L. Ed. 541. The doctrine is stated by the Supreme Court in Smith v. United States, 2 Wall. 219, 235, 17 L. Ed. 788, as follows:

"When the contract of a guarantor or surety is duly ascertained and understood by a fair and liberal construction of the instrument, the principle, says Chancellor Kent, is well settled, that the case must be brought strictly within the guaranty, and the liability of the surety cannot be extended by implication. 3 Commentaries (10th Ed.) 183; Birkhead v. Brown, 5 Hill, 635. Liability of a surety, say the court in McClusky v. Cromwell [11 N. Y.] 1 Kernan, 598, is always strictissimi juris, and cannot be extended by construction; and this court, in the case of Leggett et al. v. Humphrey, 21 How. 76 [16 L. Ed. 50], adopted the same rule, and explicitly decided that a surety can never be bound beyond the scope of his engagement. United States v. Boyd et al., 15 Pet. 208 [10 L. Ed. 706]; Kellogg v. Stockton, 29 Pa. 460."

[2] When Parker was bailed in April, the two sureties were—while not technically co-sureties—associate sureties, giving in open court, together, security to the required amount of $5,000 for Parker's appearance. When the Southern Surety Company surrendered Parker, six months later, that bailment was ended. The transaction of October 20th was a new bailment, to which Nichols was not, a party, either de novo or under his contract of April 9th. The learned District Judge failed to carry to its logical and legal conclusion his expressed view that, if Parker "while in custody had made his escape, unquestionably Nichols would have been discharged." This amounts to holding that Nichols was not bail surety while Parker was in the custody of the government. But, once ended by acts of the Southern Surety Company and of the government, Nichols' responsibility could be re-created

only by his own act, and he did nothing; he knew nothing of the October bailment. We agree with the Supreme Court of California in People v. McReynolds, 102 Cal. 308, 36 P. 590, that the fact that the accused was in the custody of the sheriff on the order of the court for only a short time was immaterial; that "it makes no difference whether the time was ten minutes or ten months."

To the same effect is Commonwealth v. Coleman, 2 Metc. (Ky.) 382, where the court points out that, when the principal had been surrendered, the sureties no longer had any control over him, and neither of them could be held responsible for his appearance for any purpose whatsoever. This obviously sound doctrine is supported by the overwhelming weight of authority. State v. Doyal, 12 La. Ann. 653; State v. Trahan, 31 La. Ann. 715; 6 C. J. 941. We find no authority to the contrary which calls for citation and discussion.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.