[No. 15400.    Department Two.—April 26, 1894.]

## THE PEOPLE, RESPONDENT, v. JAMES McREYNOLDS ET AL., APPELLANTS.

CRIMINAL LAW—BAIL BOND—DISCHARGE OF SURETIES—ORDERING PRISONER INTO CUSTODY OF SHERIFF.—The liability of the sureties upon a bail bond for the appearance of a defendant accused of crime ceases when the defendant is taken into the custody of the sheriff under an order which the court has the power to make.

ID.—VACATION OF ORDER—RELEASE OF PRISONER—RESPONSIBILITY OF SURETIES—CUSTODY OF PRISONER.—The vacation of an order that the prisoner be taken into the custody of the sheriff does not, by operation of law, restore the prisoner to the custody of his sureties, whose responsibility is based upon their custody of the prisoner bailed, and their rights and powers under such custody.

ID.—LENGTH OF SHERIFF'S CUSTODY IMMATERIAL.—The fact that the sheriff had the prisoner in his custody, under the order, for only a short time, is immaterial.

APPEAL from a judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion of the court.

*D. R. Gale*, and *Rutledge & Pressley*, for Appellants.

A principal charged with crime is in the custody of his sureties, and when taken lawfully out of their custody on the same charge they are released. (1 Bishop on Criminal Procedure, secs. 248–50, 264 i; *Clark* v. *Niblo*, 6 Wend. 236; *Cooper* v. *State*, 5 Tex. App. 215; 32 Am. Rep. 571–73; *Reese* v. *United States*, 9 Wall. 13; *People* v. *Bartlett*, 3 Hill, 570; *People* v. *Stager*, 10 Wend. 431; *State* v. *Orsler*, 48 Iowa, 343.) If the court commits the defendant it has the same effect as a surrender of the principal by the sureties, and if he is then discharged without the procurement of the sureties they are released. (*People* v. *Stager*, 10 Wend. 431–37.) Wherever a court, having jurisdiction, commits the principal for the same charge for which bail has been given, the sureties are released, except they in some way consent to his discharge. (1 Bishop on Criminal Procedure, sec. 264 i; *Clark* v. *Niblo*, 6 Wend. 237–43; *Bradford* v. *Consaulus*, 3 Cow. 128; *State* v. *Orsler*, 48 Iowa, 343; *Smith* v. *Kitchens*, 51 Ga. 158–60; 21 Am. Rep. 232; *Medlin* v. *Commonwealth*, 11 Bush, (Ky.) 605; *Commonwealth* v. *Bronson*, 14 B. Mon. 361; *Commonwealth* v. *Overby*, 80 Ky. 208; 44 Am. Rep. 417; *State* v. *Smith*, 4 Neb. 277. See, also, *Peacock* v. *State*, 44 Tex. 11; *Lindley* v. *State*, 17 Tex. App. 120; *State* v. *Spear*, 54 Vt. 503; *State* v. *Jones*, 29 Ark. 127; *Commonwealth* v. *Coleman*, 2 Met. (Ky.) 382; *Askins* v. *Commonwealth*, 1 Duvall, 275; *Johnson* v. *State*, 12 Tex. App. 414; *Lyons* v. *State*, 1 Blackf. 309; *Baker Mfg. Co.* v. *Fisher*, 35 Kan. 659.) The contract on the part of the sureties with the state is that they, the sureties, are to have the custody of the principal. When the state steps in and changes the conditions, without the assent of the sureties, they are discharged. (*Reese* v. *United States*, 9 Wall. 13, 21; *Rathbone* v. *Warren*, 10 John. 589, 593.)

*District Attorney Emmet Seawell*, and *Assistant District Attorney J. R. Leppo*, for Respondent.

As the bondsmen did not avail themselves of the statutory privilege of presenting an excuse for the defendant's absence, and thereby getting a discharge, they waived all irregularities, and are bound by the forfeiture. (Pen. Code, sec. 1305; *People* v. *Carpenter*, 7 Cal. 402; *People* v. *Wolf*, 16 Cal. 385; *People* v. *Smith*, 18 Cal. 498; *State* v. *Merrihew*, 47 Iowa, 112; 29 Am. Rep. 464; *United States* v. *Eldridge*, 5 Utah, 161. See, also, *Steelman* v. *Mattix*, 38 N. J. L. 247; 20 Am. Rep. 389; *Mix* v. *People*, 26 Ill. 32; *Brown* v. *People*, 26 Ill. 28; *Gregory* v. *Levy*, 12 Barb. 610; *Levy* v. *Nicholas*, 19 Abb. Pr. 282.) The allegations of the sureties that the defendant was taken into custody for from five to ten minutes presents no valid excuse, and could not be an excuse for their default in the absence of a showing that the production of the accused when required by the court was thereby rendered impossible. (*People* v. *Eaton*, 41 Cal. 657, 661; *Steelman* v. *Mattix*, 38 N. J. L. 247; 20 Am. Rep. 391, and cases cited.) In many states it has been held that the sureties are not exempted from liability on their bond if they fail to produce the defendant when wanted, even although he may be in actual custody at the time the forfeiture is declared. (*State* v. *Horn*, 70 Mo. 466; 36 Am. Rep. 437; *State* v. *Merrihew*, 47 Iowa, 112; 29 Am. Rep. 464; *Adler* v. *State*, 35 Ark. 517; 37 Am. Rep. 48; *West* v. *Colquitt*, 71 Ga. 559; 51 Am. Rep. 277; *Taintor* v. *Taylor*, 36 Conn. 242; 4 Am. Rep. 58; *Devine* v. *State*, 5 Sneed, 623; *United States* v. *Van Fossen*, 1 Dill. 406; 2 Am. & Eng. Ency. of Law, 28, 29; *Piercy* v. *People*, 10 Ill. App. 219; *Goodwin* v. *Smith*, 4 N. H. 29.)

MCFARLAND, J.—Defendants were sureties on a bail bond conditioned for the appearance, etc., of one R. Lee McReynolds, who had been committed by a magistrate upon a charge of grand larceny. An information was thereafter duly filed in the superior court charging said

R. Lee with said crime. He appeared in said court on September 7, 1891, and was arraigned and pleaded "not guilty"; and the cause came on regularly for trial on November 10, 1891, at 10 o'clock A. M., at which time the said R. Lee was present in court with his counsel. Thereupon on motion of the district attorney the court duly made an order that said R. Lee "be and he is hereby committed to the custody of the sheriff of Sonoma county, California, pending the trial of the above-entitled matter"; and under said order the said sheriff took said R. Lee into his custody. Afterwards the court, on motion of the district attorney, "without the application, knowledge, or consent of said defendants," made another order setting aside the said order committing said R. Lee to the custody of the sheriff; and under said last order the sheriff "released and discharged from and out of his custody the said R. Lee McReynolds, and permitted him to go at large, and did not deliver the said R. Lee McReynolds into the custody of said defendants, or either of them." The trial of the cause was continued until the next day, at which time the said R. Lee was *not* present; and having been called at the door, and not appearing, the court made an order forfeiting the bond. Afterwards the present action was brought to recover of defendants the amount named in the bond; and judgment was rendered against them for said amount, the case having been tried without a jury. They appeal from the judgment and from an order denying their motion for a new trial.

In our opinion the judgment and order must be reversed. The liability of appellants upon the undertaking ceased when the said R. Lee was taken into the custody of the sheriff under said order of the court, which was an order the court had power to make. (Code Civ. Proc., sec. 1129.) Upon the release of a person on bail he is in the custody of the sureties; and the consideration of the bond, accruing to the sureties, is his freedom from any other custody. The responsibility of the sureties is based upon their custody of the

person bailed, and their rights and powers under such custody. If they are at any time fearful that he may not appear, they can have him arrested and surrendered; or he may surrender himself; and, in either event, they are exonerated. (Pen. Code, sec. 1300.) When the court orders him into the custody of the sheriff, and the latter takes him, the same result follows. Vacating the order did not by operation of law restore him to appellant's custody. The fact that in the case at bar the sheriff had the said R. Lee in his custody under the order, for only a short time, is immaterial. It makes no difference whether the time was ten minutes or ten months. The theory upon which the case seems to have been decided, that appellants should have shown affirmatively that the custody of the sheriff actually prevented them from afterwards producing the said R. Lee, is not sound. When he was taken into the sheriff's custody they were released from any further care as to his whereabouts. He probably absconded for the very reason that he considered the sureties exonerated by the said order committing him to the custody of the sheriff. We have discovered no decisions in this state where the point here involved was directly passed upon, unless *Babb* v. *Oakley*, 5 Cal. 94, be one, where the court said that "the offer of the defendant Oakley to surrender himself in discharge of his sureties was a good surrender, and discharged them from all liability"; but the facts in that case are very meagerly stated. There are, however, direct authorities to the point in sister states. (*State* v. *Orsler*, 48 Iowa, 343; *People* v. *Stager*, 10 Wend. 431; *Medlin* v. *Commonwealth*, 11 Bush, 605. See, also, *Reese* v. *United States*, 9 Wall. 13.) The position of respondent, that appellants could protect themselves only under section 1305 of the Penal Code is not tenable. That section relates only to a case where the defendant or his sureties are able to come before the court and "satisfactorily excuse *his* neglect" to appear. Of course that could not have been done in the case at bar; the defend-

ant ran away without any excuse that could be given for *him*.

The judgment and order appealed from are reversed.

BEATTY, C. J., and DE HAVEN, J., concurred.