[Nos. H000348, H000422. Sixth Dist. Apr. 28, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
AMWEST SURETY INSURANCE COMPANY,
Defendant and Appellant.

**COUNSEL**

Michael K. Stevens and Lagorio & Madden for Defendant and Appellant.

Donald L. Clark, County Counsel, and Margarita O. Prado, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

CHANG, J.*— ▇▇ ▇▇▇▇ ▇▇ Amwest Surety Insurance Co. (Amwest) appeals from two judgments, entered in favor of the People, decreeing forfeitures of bail bonds[1] after Michael Morrison failed to appear for sentencing (H000348) and for arraignment (H000422).[2] We affirm in case No. H000422 but reverse case No. H000348 and hold a postconviction, presentence commitment pursuant to Penal Code section 1203.03 exonerates an appearance bond.

Amwest posted a bail bond in the amount of $10,000 in each case. In No. H000348 (super. ct. No. 91823) Michael Morrison was convicted of two counts of robbery (Pen. Code § 211) and, on March 1, 1984, the trial court ordered Morrison to surrender to the sheriff to be delivered to the Department of Corrections for diagnosis and recommendation pursuant to Penal Code section 1203.03. A stay of execution was granted until March 14, 1984, when he was taken into custody. On April 16, 1984, Mr. Morrison was returned to the custody of the Santa Clara County Sheriff's Department from the state facility at Vacaville and subsequently released on the original bond. Mr. Morrison appeared for sentencing on May 17, 1984, which was continued, at defense counsel's request, until July 12, 1984. Mr. Morrison failed to appear on July 12, 1984, and bail was ordered forfeited.

The record on appeal sheds little light as to the proceedings in No. H000422 (super. ct. No. 93925). County counsel representing the People in this matter state in their brief that Mr. Morrison appeared for arraignment on April 30, 1984, appeared thereafter for setting of his preliminary examination on May 14, 1984, and appeared May 23, 1984, for the preliminary examination. Mr. Morrison was thereafter held to answer and arraignment was set for superior court on June 4, 1984, at which time Mr. Morrison failed to appear and bail was forfeited. In Amwest's opening brief in case No. H000422 it is conceded that Mr. Morrison was at the preconviction, postpreliminary examination stage of the case when he failed to appear for arraignment in superior court and bail was forfeited.

### Discussion

▇▇▇▇ Amwest urges Mr. Morrison's commitment pursuant to Penal Code section 1203.03 resulted in custody and therefore exonerated the bond in No. H000348 as a matter of law. We agree.

---

*Assigned by the Chairperson of the Judicial Council.

[1]The orders denying the motion to vacate the forfeitures are themselves appealable. (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]: *People* v. *Allied Fidelity Ins. Co.* (1982) 138 Cal.App.3d 724, 726, fn. 1 [188 Cal.Rptr. 265].)

[2]The cases have been consolidated for appeal.

Penal Code section 1459, upon which bail was undertaken in this case provides in pertinent part: "Undertakings of bail filed in inferior courts by admitted surety insurers shall meet all other requirements of law and the obligations of the insurer shall be in the following form: . . . [The surety] hereby undertakes that the above-named defendant will appear in the above-named court on the dates above set forth to answer any charge in the accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court and, if convicted, will appear for pronouncement of judgment or grant of probation . . ."

No case has considered the situation in which a defendant, after conviction and appearing for sentencing, is committed pursuant to Penal Code section 1203.03, is subsequently released on the original bond and thereafter fails to appear for sentencing. ■ We recognize the object of bail is to insure the defendant's attendance and obedience to orders of the court. When the nonappearance is not one which bail should be deemed to cover the surety would be punished by forfeiture. Forfeitures are disfavored and the statutes which impose them are strictly construed. (*People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [111 Cal.Rptr. 757].)

It is the obligation of the sureties on a bail bond to produce the principal at the time and the place specified in the bond. (*U. S. Fid. & Guar. Co.* v. *Justice Court* (1950) 99 Cal.App.2d 683 [222 P.2d 292].) When that condition is met, the surety is exonerated. (20 Cal.Jur.3d, Criminal Law, § 2630, p. 874.)

The surety's obligation is defined by its written contract with the People and its principal. (Pen. Code, § 1459.) Amwest undertook that its principal would appear in court whatever date was specified in the bond and would at all times hold himself amenable to the orders and process of the court and, if convicted, would appear for pronouncement of judgment or grant of probation.

■ The pronouncement of judgment or grant of probation are not the only events effecting exoneration. The surety likewise undertook that the principal would hold himself amenable to the court's orders and process. That condition was satisfied when the principal appeared for pronouncement of judgment and was committed to the custody of the sheriff for further evaluation pursuant to the provisions of Penal Code section 1203.03.

The liability of defendant surety ceased when Michael Morrison was remanded to custody of the sheriff. The California Supreme Court faced this issue in *People* v. *McReynolds* (1894) 102 Cal. 308 [36 P. 590].

*McReynolds* holds that when a court orders a defendant into the custody of the sheriff and the sheriff takes custody for any period of time, the bondsman is at that point released from any further care of the defendant. In other words, once a criminal defendant submits to the custody or control of the authorities, bail is exonerated. (*Id.*, at p. 312.)

The court stated: "Upon the release of a person on bail he is in the custody of the sureties; and the consideration of the bond, accruing to the sureties, is his freedom from any other custody. The responsibility of the sureties is based upon their custody of the person bailed, and their rights and powers under such custody. If they are at any time fearful that he may not appear, they can have him arrested and surrendered; or he may surrender himself; and, in either event, they are exonerated. [Citation.] When the court orders him into the custody of the sheriff, and the latter takes him, the same result follows. . . . When he was taken into the sheriff's custody |the sureties] were released from any further care as to his whereabouts." (*Id.*, at p. 312.)

Current California statutes compel the same conclusion. When a defendant is committed to custody to await the judgment of the court upon a verdict of guilty, bail is exonerated, or if money is deposited instead of bail it must be refunded. (Pen. Code § 1166.) Bail is likewise exonerated when the defendant in a criminal case is committed to a state hospital upon a finding of incompetency to stand trial. (Pen. Code § 1371.)

The foregoing authorities support the concept that bail is in lieu of custody and the reason for bail ceases to exist when the principal is in official custody. The principal's amenability to the court's process is then out of the surety's control and logically out of its realm of responsibility. For the above reasons, bail was exonerated when Mr. Morrison appeared for sentencing, was committed pursuant to Penal Code section 1203.03, and submitted to the custody of the authorities.

■ We disagree with Amwest's contention that the release of Mr. Morrison after his 1203.03 commitment increased the risk undertaken when bond was posted in case No. H000422. The bond in this case was posted April 23, 1984, one week after Mr. Morrison was returned from Vacaville to the custody of the Santa Clara County Sheriff's Department. Amwest obviously knew or should have known of Mr. Morrison's conviction in case No. H000348, yet posted bond anyway. Mr. Morrison made four appearances subsequent to his release by the sheriff's department, three of these appearances in connection with case No. H000422. We find under these circumstances no increased risk or change of obligation forced by the court upon Amwest.

The judgment in case No. H000422 is affirmed; the judgment in case No. H000348 is reversed.

Agliano, P. J., and Brauer, J., concurred.