[No. G035387. Fourth Dist., Div. Three. May 16, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

MOORE, J.—Ranger Insurance Company seeks relief from an order forfeiting bail on the grounds that the bond it issued in this matter was void from the outset. We find this contention without merit and affirm the order.

I

FACTS

On February 7, 2004, Frederick Hoisington was arrested by the Huntington Beach Police Department for a violation of Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance) and on a fugitive felony warrant for Maricopa County, Arizona, for one count of aggravated domestic violence. On February 19, the district attorney filed a fugitive criminal complaint pursuant to Penal Code section 1551. At arraignment, bail was set at $50,000.

On March 4, 2004, Ranger Insurance Company (Ranger) issued a $50,000 bail bond for Hoisington. This bond was not labeled as a "fugitive" bail bond. Hoisington appeared in court the next day, the bail was deemed sufficient and the court ordered the defendant to appear on March 15. On March 15, when the defendant failed to appear in court, the bail was declared forfeited. Notice of forfeiture was mailed on March 16.

Summary judgment was entered on November 16, 2004, with notice mailed on November 19. On January 18, 2005, Ranger moved to set aside the judgment on the grounds that the court lacked jurisdiction to forfeit the bond, because it was an ordinary appearance bond posted in proceedings that required a fugitive bail bond. The court denied the motion.

## II

## DISCUSSION

*Request for Judicial Notice*

Respondent County of Orange (the County) requests that we take judicial notice of the "Register of Actions" in the Hoisington case. Pursuant to Evidence Code sections 452, subdivision (d) and 459, the request is granted.

*Bail Forfeiture*

 "The purpose of bail and forfeiture statutes is to insure the attendance of the accused and his obedience to court orders and judgments. [Citations.] It does not have as a goal revenue for the state or punishment to the surety. [Citations.]" (*People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 725 [89 Cal.Rptr.2d 422].) Moreover, to avoid the harsh penalty of forfeiture, we strictly construe the relevant statutory provisions in favor of the surety. (*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 26 [211 Cal.Rptr. 204].)

The surety, however, bears the burden of establishing that its case for relief falls within the statutory requirements. (*People v. American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 354 [5 Cal.Rptr.2d 620].) The trial court's ruling on a motion to set aside bail forfeiture is subject to the deferential abuse of discretion standard and will not be disturbed on appeal unless a clear abuse of that discretion appears in the record. (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1383 [59 Cal.Rptr.2d 777].)

Ranger argues that the bond required in this case was pursuant to an undertaking under Penal Code sections 1552.1 and 1553, the provisions applying to fugitive proceedings. (Subsequent statutory references are to the

Penal Code.) Essentially, Ranger argues that it used the wrong form and there was never valid bail to forfeit. Ranger relies on the statutes governing bail, beginning with section 1459, which provides the form for bail undertakings, and states: "Undertakings of bail filed by admitted surety insurers shall meet all other requirements of law and the obligation of the insurer shall be in the following form except to the extent a different form is otherwise provided by statute[.]"

Section 1459 further states that the surety "hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court and, if convicted, will appear for pronouncement of judgment or grant of probation . . . ."

Ranger argues that the language relating to potential conviction means that this statute only provides the form for an undertaking for crimes committed in California. Ranger, however, has no cases to support this argument, and we disagree with this interpretation. Although conviction is a possibility based on the statutory language, the remaining language is sufficiently broad to support the guarantee of appearance in a fugitive proceeding under section 1551, which certainly qualifies as "any accusatory pleading." (§ 1459.)

Ranger, however, states that the form of the undertaking should have been based on the language of section 1552.1, which authorizes bail for fugitives, "with sufficient sureties, and in such sum as he deems proper, conditioned upon the appearance of such person before him at a time specified in such bond or undertaking, and for his surrender upon the warrant of the Governor of this state." Ranger seems to place a great deal of emphasis on the language relating to a governor's warrant, arguing that it, along with the conditions stated in sections 1552.2 and 1553, place entirely different conditions upon the surety. Yet this ignores the broad language of section 1459, under which the surety guarantees the defendant "will at all times hold him/herself amenable to the orders and process of the court."

Even if we were to interpret the "surrender upon governor's warrant" provision as a separate obligation, we fail to see how it is relevant here. There was no governor's warrant at issue in this case—bail was forfeited because the defendant failed to appear in court, the very occurrence the bond was intended to guarantee. The bond Ranger issued stated that it "hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory

pleading. . . ." The bond notes that the offense Hoisington is charged with is "PC 1551." Although the bond lists other limitations, it does not list a fugitive warrant as one of those limits.[1]

██ Moreover, there is no special form dictated by statute for a bond in fugitive proceedings, and given the Legislature's specificity regarding the form bonds should take, we find this telling. If the Legislature had intended that "fugitive" bonds would have different language, we expect that language would have been specified in the statute. We are, however, told that recovery on a bond issued for a fugitive shall be had on the same grounds as bonds in all other proceedings. (§ 1553.)

██ We find no statutory basis for concluding that the bond issued in this matter was invalid. The bond in this case was properly forfeited because the defendant failed to appear in court.

### III.

### DISPOSITION

The order is affirmed. The County is entitled to its costs on appeal.

O'Leary, Acting P. J., and Ikola, J., concurred

---

[1] On the bottom of the bond form, it states: "NOTE: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be [used] as a Bond on Appeal."