Filed 10/21/15  P. v. Bankers Ins. Co. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>BANKERS INSURANCE CO.,<br><br>    Defendant and Appellant. | H041374<br>(Santa Clara County<br> Super. Ct. No. C1246237) |

Bankers Insurance Company (Bankers) appeals a judgment entered following the trial court's denial of its request for relief from bail forfeiture.  On appeal, Bankers argues that the court lacked jurisdiction to declare the bail forfeited, because defendant was not required to attend the hearing at which he failed to appear.  In addition, Bankers argues the bail bond was not valid, because defendant was released on his own recognizance.

### STATEMENT OF THE CASE

On December 27, 2012, Sergio Diaz was arraigned and charged with two counts of felony violation of Penal Code section 288(a)[1] (lewd and lascivious act on a child under 14).  The court ordered Diaz released on his own recognizance, and that he post $25,000 in bail before the next court appearance.

---

[1] All unspecified statutory references are to the Penal Code.

On December 31, 2012, Diaz posted a $25,000 bail bond consistent with the December 27, 2012 order.

Diaz appeared at his next court date of January 15, 2013.  At this hearing, the following exchange occurred:

"The Court:  You do have a right to a Preliminary Examination within sixty days of your first Court date.  [¶] Do you understand that?

"[Diaz]:  No.

"The Court:  That's why your attorney is going to explain it to you.

"[District Attorney]:  We also need proof of bail.  You SORP'd [(supervised own recognizance program)] him.

"[Defense Counsel]:  Prepared to waive sixty.

"The Court:  You do have a right to a Preliminary Examination within sixty days of your first Court date.  [¶] Do you understand that?

"[Diaz]:  Yes.

"The Court:  Do you give up that right?

"[Diaz]:  Yes.

"The Court:  Sir, you are ordered to have no contact with the victim in this case.  You are ordered to stay at least three hundred yards away from the victim, you are ordered not to contact the victim directly or indirectly through a third party.  [¶] Do you understand that?

"[Diaz]:  Yes.

"The Court:  Counsel, when do you want to come back?

"[Defense Counsel]:  Can we do February 19th in the afternoon?

"The Court:  February 19th at 2:00.  [¶] The defendant needs to have a seat so he can get the paperwork."

Diaz failed to appear on February 19, 2013, and the court ordered the $25,000 bail forfeited. The court set another appearance for February 22, 2013. Diaz failed to appear for that date as well.

A notice of forfeiture was mailed to Bankers on March 18, 2013. On August 14, 2013, Bankers filed a motion to extend the exoneration period pursuant to section 1305.4. The court granted an extension of the exoneration period to March 17, 2014.

On March 17, 2014, Bankers filed a motion to vacate forfeiture and exonerate bail. The court denied the motion on August 4, 2014.

The court entered judgment on August 8, 2014, and this appeal followed.

## DISCUSSION

Bankers asserts the judgment should be reversed because 1) the trial court lacked jurisdiction to forfeit bail, because the Diaz was not specifically ordered to appear in court for the hearing on February 19, 2013, and 2) the bail bond was not valid, because Diaz was released on supervised own recognizance.

The purpose of bail and its forfeiture is to ensure a criminal defendant's appearance in court and adherence to court orders. (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.) A bail bond is a contract between the court and a surety whereby the surety promises that a defendant released from custody will appear in court when ordered. If the defendant fails to appear, the surety becomes a debtor for the bond amount. (*Ibid.*) Bail is forfeited when a defendant fails to appear as ordered before judgment is pronounced. (§ 1305, subd. (a)(3).)

"While it is true that the law disfavors forfeitures, including forfeitures of bail under the bail provisions of the Penal Code, it is the burden of the surety to show that a forfeiture of its bail should be set aside. [Citation.]" (*People v. American Surety Ins. Co.* (2001) 88 Cal.App.4th 762, 768.) An order denying a motion to set aside a bail forfeiture

3

is reviewed under the abuse of discretion standard. (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195.) Under this standard, the trial court's decision will be affirmed on appeal unless it " ' "exceeds the bounds of reason, all circumstances being considered. [Citation.]" ' [Citation.]" (*People v. Ranger Ins. Co.* (2000) 81 Cal.App.4th 676, 680, quoting *People v. Froehlig* (1991) 1 Cal.App.4th 260, 265.)

***Trial Court's Jurisdiction to Order Bail Forfeited***

Bankers asserts the trial court lacked jurisdiction to order bail forfeited, because the court had not specifically commanded Diaz to appear at the February 19, 2013 hearing.

"The statutory scheme governing bail forfeitures is found in . . . section 1305 et seq. These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction. [Citation.]" (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1074, fn. omitted.)

The trial court must declare bail forfeited if, without sufficient excuse, a defendant fails to appear at arraignment, trial, judgment, or "[a]ny other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." (§ 1305, subd. (a)(4).) In addition, section 977, subdivision (b)(1) provides: "[I]n all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2). . . ." Section 977, subdivision (b)(2), provides the specific wording for the written waiver.

Here, the court date at which Diaz failed to appear, February 19, 2013, was for the continued preliminary hearing setting—not arraignment, trial or judgment; consequently,

4

the issue is whether the preliminary hearing setting was "[an]other occasion" when the defendant's presence in court was "lawfully required." (§ 1305, subd. (a)(4).)

Respondent argues that under Santa Clara County Superior Court Local Criminal Rules, rule 3 (Local Rule 3), Diaz was required to attend the February 19, 2013 by law. Local Rule 3 provides, in relevant part: "(1) Consistent with California Penal Code section 977, in felony cases, the defendant must be present each time his/her matter is called in court, including when matters are submitted, unless a written waiver is on file. . . ." (Rule 3.) Respondent asserts that Local Rule 3 requires a felony defendant's presence at all hearings, and that the rule "broadens the scope of those appearances" that are "lawfully required" under section 1305, subdivision (a)(4). Further, respondent argues that Local Rule 3 is merely "consistent with" section 977, and requires all felony defendants to be present at all court hearings *unless* a written waiver is on file.

As this court explained in *People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304, "A defendant's presence is 'lawfully required' when there is 'a specific court order commanding his [or her] appearance at a date and time certain' [citation], or when a defendant has notice because he or she is present when the date and time for a mandatory appearance are set, even though the court did not specifically order his or her personal presence [citation]." Here, although the court did not specifically order Diaz to be present on February 19, 2013, he was present in court when that date was set, and as a result, had notice of the court date.

In support of its view that the appearance requirements of section 977, subdivision (b)(1), did not make the defendant's presence in court "lawfully required" under section 1305, subdivision (a)(4), Bankers cites *People v. Classified Insurance Corp.* (1985) 164 Cal.App.3d 341 (*Classified*). The *Classified* court concluded that, "[a]bsent an order or other actual notification from the court that [defendant's] appearance was required at a given date and time, the failure of [defendant] to appear

5

cannot be grounds for forfeiture of bail under section 1305." (*Id.* at p. 346.) There having been no such order or other notification, the court held the order forfeiting bail was "void" and a "nullity," and the summary judgment, "erroneous." (*Id.* at pp. 346-347.)

The present case is distinguishable from *Classified*, in that the Diaz had notice of the February 19, 2013 court date. This notice, coupled with the appearance requirements stated in Local Rule 3 that a defendant "must be present each time his/her matter is called in court . . . ," make the February 19, 2013 hearing "lawfully required" under section 977, subdivision (b)(1).

We note that the issue of whether section 977, subdivision (b)(1), may be used to determine whether a defendant was "lawfully required" to appear for purposes of bail forfeiture under section 1305, subdivision (a)(4) is currently pending before the California Supreme Court in *People v. Safety National Casualty Insurance Co.* (2014) 225 Cal.App.4th 438, review granted July 23, 2014, S218712, and *People v. American Contractors Indemnity Co.* (2014) 226 Cal.App.4th 1059, review granted August 13, 2014, S219842.[2]

Until our Supreme Court holds otherwise, we find that the Diaz's failure to appear at the February 19, 2013 court date supports the trial court's finding that bail had been forfeited. Diaz was present in court when the February 19, 2013 date was set. Diaz was lawfully required to appear under section under section 1305, subdivision (a)(4), and as a result, the court had jurisdiction to order bail forfeited.

### Defendant Released on Supervised Own Recognizance

Bankers argues in the alternative that the bail bond was not valid in this case, because Diaz was released on supervised own recognizance. Bankers asserts that the

---

[2] Neither party made note of the fact that this issue is currently pending before the California Supreme Court.

court's imposition of conditions on the defendant's release placed defendant in "constructive custody."

The primary authority for Bankers' argument is a case from 1894 that held that the consideration for the bail bond contract is the defendant's "freedom from any other custody." (*People v. McReynolds* (1894) 102 Cal. 308, 311 (*McReynolds*).) In *McReynolds*, the defendant posted bail, and was released from custody. When the defendant appeared for trial, the court remanded him into custody at the request of the district attorney. Shortly thereafter, the court released the defendant on his own recognizance. When the defendant later failed to appear, the court ordered bail forfeited. The Supreme Court reversed, holding that when the court brought the defendant back into custody, the surety was released from any obligation for defendant's appearance. Therefore, the trial court improperly forfeited bail, because the surety no longer was responsible for the defendant's failure to appear. (*McReynolds, supra*, 102 Cal. at p. 311.)

Although *McReynolds* addresses the issue of the validity of a bail bond when a defendant is released on his own recognizance, it is readily distinguished from the present case. In *McReynolds*, the defendant was taken into custody *after* he had secured a bail bond, and was thereafter released on his own recognizance. The act of taking the defendant into custody after he had posted bail removed the liability of the surety for the defendant's failure to appear. (*McReynolds, supra*, 102 Cal. At p. 311.)

Here, in contrast to *McReynolds*, Diaz's release on supervised own recognizance was conditioned on his securing a bail bond in the amount of $25,000. The trial court may impose reasonable conditions on a defendant's release. (*In re York, et al.* (1995) 9 Cal.4th 1133.) Moreover, the Diaz was not taken into custody while on bail and later released on his own recognizance, as the defendant was in *McReynolds*. There was nothing here to remove Banker's responsibility for Diaz's appearance in court.

7

The fact that Diaz's supervised own recognizance was conditioned on his securing posting bail did not invalidate the bond. The bond was valid at the time he failed to appear on February 19, 2013.

## DISPOSITION

The judgment is affirmed.

_____
                            RUSHING, P.J.

WE CONCUR:

_____
            MÁRQUEZ, J.

_____
           GROVER, J.

*People v. Bankers Insurance Co.*
**H041374**