Filed 3/14/22; Modified and Certified for Pub. 4/7/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>ACCREDITED SURETY & CASUALTY COMPANY,<br><br>      Defendant and Appellant. | C089808<br><br>(Super. Ct. No. 19CI000126) |

Accredited Surety and Casualty Company, Inc. (Accredited) posted a $75,000 bail bond for the release of Jesus Perez in *People v. Jesus Perez*, Tehama County Superior Court Case No. 17CR-001544.[1] The trial court increased the amount of the bail to $165,000 after the People added two more counts and a firearm-use allegation to the

---

[1] The bail bonds and summary judgment refer to Accredited Surety and Casualty Company, Inc. The motions to vacate forfeiture and exonerate bail and notice of appeal refer to Accredited Surety & Casualty Company. There is no contention that the two entities are not the same surety.

complaint, and Perez was remanded to the custody of the sheriff. Accredited then executed a bail bond in the amount of $90,000 for Perez (the difference between the previously posted $75,000 bail bond and the new bail amount of $165,000), securing Perez's release from custody. The two bonds were declared forfeited when Perez did not appear at a trial readiness conference.

Accredited appeals from the portion of the trial court's order denying its motion to vacate forfeiture and exonerate the $90,000 bond and the subsequently entered summary judgment. The County of Tehama (County) cross-appeals from the portion of the trial court's order granting Accredited's motion as to the $75,000 bond.

The County contends (1) that to the extent the trial court's order was based on Penal Code section 1305,[2] the statute does not apply; (2) exoneration of the $75,000 bond made it voidable, not void; and (3) Accredited ratified the $75,000 bond, it is equitably estopped from challenging the validity of the $75,000 bond, and it waived any objection to the trial court's jurisdiction over the bonds.

Accredited contends (4) the trial court erred in denying its motion to vacate forfeiture and exonerate bail as to the $90,000 bond because the posting of a bond in an amount different from that ordered by the trial court does not create a valid contract.

We conclude (1) the trial court properly determined that the $75,000 bond was exonerated; (2) the authorities the County cites do not support the claim that the $75,000 bond was voidable and not void; (3) the County may not raise a claim of ratification, equitable estoppel or waiver for the first time on appeal; and (4) no valid bail contract was formed with the issuance of the $90,000 bail bond.

We will reverse the trial court's order denying the motion to vacate the forfeiture and exonerate the $90,000 bond, and reverse the resulting summary judgment. We will

---

[2] Undesignated statutory references are to the Penal Code.

affirm the trial court's order granting the motion to vacate the forfeiture and exonerate the $75,000 bond.

BACKGROUND

Perez was charged with assault with a firearm (§ 245, subd. (a)(2)), willfully discharging a firearm in a grossly negligent manner which could result in injury or death to a person (§246.3, subd. (a)) and making criminal threats (§ 422, subd. (a)). He was remanded to the custody of the sheriff and bail was set at $75,000. McMains Bail Bonds, acting as the bail agent of Accredited, executed a bail bond in the amount of $75,000 for Perez and Perez was released on the bond.

The complaint against Perez was later amended to add a count for unlawful possession of a firearm (§ 29800, subd. (a)(1)) and unlawful possession of ammunition (§ 3035, subd. (a)(1), along with an allegation that Perez personally used a firearm in the commission of a felony or attempted felony (§ 12022.5, subd. (a)). On December 22, 2017, the trial court increased the amount of the bail to $165,000 based on the new counts. Perez, who was present at the hearing, was remanded to the custody of the sheriff until the next court appearance, which was a trial readiness conference. The trial court entered a written order stating that it had made an order in open court remanding Perez in lieu of bail in the amount of $165,000. The following handwritten note appears on the order: "*<u>To post $90,000.</u> We have bail bond for $75,000 that remains in place*"

McMains Bail Bonds, acting as the bail agent of Accredited, executed a bail bond in the amount of $90,000 for Perez. The trial court declared the bonds forfeited when Perez did not appear for the trial readiness conference.

Accredited filed a motion to vacate the forfeiture and exonerate the bail, arguing that the $75,000 bail bond was exonerated by operation of law when Perez was remanded to custody on December 22, 2017, and the $90,000 bail bond was void because it was less than the $165,000 bail amount set by the trial court. In the alternative, Accredited asked the trial court to extend the time on the bond pursuant to section 1305.4, to allow

3

Accredited to return Perez to custody. The trial court granted the motion to extend time on the two bonds for 180 days to April 22, 2019. It did not rule on the other grounds raised in Accredited's motion.

Accredited filed a second motion to vacate the forfeiture and exonerate the bail on March 18, 2019. That motion made the same arguments raised in the first motion.

The trial court ordered the $75,000 bond exonerated but denied the motion as to the $90,000 bond. It found that the words "To post $90,000. We have bail bond for $75,000 that remains in place" hand-written on the trial court's written order increasing the amount of the bail were added in error by a trial court staff member. The judge made no such order at the December 22, 2017 hearing. The trial court concluded that the $75,000 bond was exonerated by operation of law when the trial court remanded Perez, and exoneration of the bond was not affected by the later court staff error and reliance by jail personnel. But the trial court declined to exonerate the $90,000 bail bond. Applying contract principles, it concluded that the state agreed to release Perez if a $90,000 bond was posted; Accredited agreed to post the $90,000 bond and to forfeit that sum if Perez did not appear in court; the state fully performed by releasing Perez; and Accredited was in breach because it did not return Perez to the state's custody. According to the trial court, although there was law that, under proper circumstances, could support voiding the entire contract and exonerating both bonds, exonerating the $90,000 bond would result in a windfall for Accredited and deprive the state of the benefit of its bargain in a contract fully performed by the state. The trial court subsequently entered summary judgment in favor of the People and against Accredited on the $90,000 bond.

STANDARD OF REVIEW

The trial court's ruling on a motion to set aside a bail forfeiture is subject to the deferential abuse of discretion standard. (*People v. Ranger Ins. Co.* (2006) 139 Cal.App.4th 1562, 1564.) We will not disturb the trial court's ruling unless a clear abuse of discretion appears in the record. (*Ibid.*) But the abuse of discretion standard

4

does not apply when we are deciding only legal issues. (*People v. Bankers Ins. Co.* (2016) 247 Cal.App.4th 1004, 1007; *People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592 (*International Fidelity Ins. Co.*).) When, as here, the facts are undisputed and only legal issues are involved, our review is de novo. (*County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314; *Bankers Ins. Co,* at p. 1007.) Moreover, because the law disfavors forfeitures, we strictly construe the statutes governing bail forfeiture in favor of the surety " 'to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.' " (*People v. Western Ins. Co.* (2013) 213 Cal.App.4th 316, 321 (*Western Ins. Co.*); *County of Los Angeles v. American Contractors Indemnity Co*. (2007) 152 Cal.App.4th 661, 665-666.)

DISCUSSION

I

The County argues section 1305 applies only when there has been a bail forfeiture, but in this case there was no bail forfeiture when Perez was remanded into custody.

We review the trial court's decision, not its reasoning, and will affirm the trial court's order if it reached the correct result, " ' "regardless of the considerations [that] may have moved the trial court to its conclusion." ' " (*People v. Zapien* (1993) 4 Cal.4th 929, 976; accord *People v. Financial Casualty & Surety, Inc*. (2017) 10 Cal.App.5th 369, 386.) As we shall explain, the trial court's order increasing the bail amount and remanding Perez into custody exonerated the $75,000 bail bond by operation of law. Therefore, the trial court properly concluded that the $75,000 bond was exonerated.

Bail bond proceedings are civil in nature. (*People v. American Contractors Indemnity Co*. (2004) 33 Cal.4th 653, 657; see *R.H. Herron Co. v. Flack* (1920) 46 Cal.App. 374, 377 ["A contract of guaranty is governed by the usual rules applicable to contracts in general with reference to an offer and acceptance thereof."].) A bail bond agreement is a contract involving three parties. (*Western Ins. Co., supra*,

5

213 Cal.App.4th at p. 322; see generally *State Farm General Ins. Co. v. Wells Fargo Bank, N.A.* (2006) 143 Cal.App.4th 1098, 1108, fn. 6 [stating that all surety bonds involve a tripartite relationship between (1) a principal/obligor, (2) a surety and (3) an obligee/creditor/beneficiary].) It is a contract between the surety and the criminal defendant, who is the principal on the bond. (*Western Ins. Co.,* at p. 322.) It is also a contract between the surety and the state. (*Ibid.*) The surety and the state agree that if the state releases the defendant from the state's custody, the surety will undertake that the defendant will appear personally and at a specified time and place and if the defendant fails to appear as required, the surety will be indebted to the state for the amount of the bond. (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 714-715.)

Under the terms of the bail bond agreement, the defendant is transferred from the government's custody to the constructive custody of the surety. (*People v. McReynolds* (1894) 102 Cal. 308, 311 (*McReynolds*); *Western Ins. Co., supra*, 213 Cal.App.4th at p. 322; *People v. Lexington National Ins. Co.* (2007) 147 Cal.App.4th 1192, 1198 (*Lexington National Ins. Co.*); see generally *Dant v. Superior Court* (1998) 61 Cal.App.4th 380, 386 [" 'Bail permits a defendant to be released from actual custody into the constructive custody of a surety on a bond given to procure the defendant's release.' "].) The consideration of the bond, accruing to the surety, is the defendant's release from the government's custody. (*McReynolds,* at p. 311; *People v. Amwest Surety Ins. Co.* (1986) 180 Cal.App.3d 444, 448 (*Amwest Surety Ins. Co.*) ["bail is in lieu of custody and the reason for bail ceases to exist when the principal is in official custody. The principal's amenability to the court's process is then out of the surety's control and logically out of its realm of responsibility."].) The responsibility of the surety is based on its custody of the person bailed. (*McReynolds,* at pp. 311-312.)

When the trial court orders a defendant who posted bail to be remanded to the custody of the sheriff, the liability of the surety on the bail bond ceases and the bond is exonerated. (See *McReynolds, supra*, 102 Cal. at pp. 311-312; *International Fidelity Ins.*

6

*Co.*, *supra*, 204 Cal.App.4th at p. 594; *Kiperman v. Klenshetyn* (2005) 133 Cal.App.4th 934, 939-940; *Amwest Surety Ins. Co., supra*, 180 Cal.App.3d at p. 447; cf. *Lexington National Ins. Co., supra*, 147 Cal.App.4th at p. 1198-1201 [no exoneration where trial court merely directed the defendant to stay in the courtroom and did not order that the defendant be taken into custody].)

Based on the foregoing authorities, Accredited's obligations under the $75,000 bond ceased when the trial court increased Perez's bail and remanded him to the custody of the sheriff. The trial court properly ordered the $75,000 bond exonerated.

The County claims that exoneration of the $75,000 bond conflicts with *People v. Ranger Ins. Co.* (1998) 61 Cal.App.4th 812 (*Ranger Ins. Co.*), *People v. Meyers* (1932) 215 Cal. 115 (*Meyers*), *County of Los Angeles v. Maga* (1929) 97 Cal.App. 688 (*Maga*) and *People v. Amwest Surety Ins. Co.* (2001) 87 Cal.App.4th 69. The cited cases do not help the County.

*Ranger Ins. Co.* recognized that the surety of a pre-conviction bail bond was entitled to seek exoneration of its bail bond because the defendant was remanded into custody. (*Ranger Ins. Co.*, *supra*, 61 Cal.App.4th at p. 817.) The appellate court agreed that a surety's obligation ceases when the person bailed is remanded into custody. (*Ibid.*, citing *McReynolds, supra*, 102 Cal. 308 and *Amwest Surety Ins. Co., supra*, 180 Cal.App.3d 444.) *Ranger Ins. Co.* does not support the County's claim that the $75,000 bond was not exonerated upon Perez's remand into custody.

In *Meyers*, the defendant was released from custody in an action brought in Oakland upon furnishing a bail bond. (*Meyers, supra*, 215 Cal. at pp. 116-117.) She was then arrested on a similar charge in San Francisco. (*Id.* at p. 117.) The defendant pleaded guilty in the San Francisco case, was sentenced to county jail for 12 months and commenced to serve the term, but about a month later, the judge suspended the sentence and placed the defendant on probation to be sent to Oregon with an order to stay away from California. (*Ibid.*) Although the San Francisco authorities were informed of the

pendency of the Oakland case and asked to hold the defendant at the conclusion of her sentence in the San Francisco case, no notice was given to the Oakland authorities or to the defendant's bondsmen about the grant of probation. (*Id.* at pp. 118-119.) The Oakland trial court entered judgment for the sureties in the action by the district attorney after it forfeited the bail. (*Id.* at p. 117.) The California Supreme Court affirmed the judgment, concluding that the defendant's incarceration in the San Francisco case merely suspended the sureties' liability on the bond, but the state, acting through its officers in San Francisco, could not hold the sureties liable for failure to perform when the acts of the state's officers in Oakland made the sureties' performance impossible. (*Id.* at pp. 118-120.) The County does not demonstrate how the holding of *Meyers* applies here. Perez was not in custody on a case different from the one in which Accredited posted its bail bonds and the County does not identify any evidence that the state made Accredited's performance under its bonds impossible.

In *Maga*, the appellate court reversed judgments in favor of bond sureties in a case where the defendants, while free on bail bonds executed by the sureties, were arrested by immigration services officers, released from custody on bonds separate from those posted by the sureties in the criminal cases, and fled the United States before their nonappearance at hearings in their criminal actions, resulting in the forfeiture of the bail bonds in the criminal cases. (*Maga, supra*, 97 Cal.App. at pp. 689-690.) The appellate court held that the defendants' arrest in the immigration services proceedings and flight from the United States did not exonerate the bail bonds because the defendants were free on bail in the immigration proceedings when their criminal cases were called and no act of the state or federal authorities interfered with the right or power of the sureties to surrender the defendants. (*Id.* at pp. 691-692.) The facts in this case are distinguishable from those in *Maga*.

*People v. Amwest Surety Ins. Co.* also presents facts different from those before us. In *People v. Amwest Surety Ins. Co.*, a surety posted a bail bond for the defendant.

8

(*People v. Amwest Surety Ins. Co., supra*, 87 Cal.App.4th at p. 70.)  The defendant was then arrested on a second case and posted a second bond through a different bail bond company.  (*Ibid.*)  The surety on the first bond appealed from the denial of its motion to vacate the forfeiture of its bond when the defendant failed to appear for the preliminary hearing in the first case.  (*Id.* at pp. 70-71.)  The appellate court rejected the surety's claim that the first bond was exonerated when the defendant was arrested and taken into custody in the second case.  (*Id.* at p. 71.)  It held that the defendant's arrest and return to custody in the second case had no effect on the contractual obligation of the surety in the first case to assure the defendant's appearance in the first case.  (*Ibid.*)  Unlike in *People v. Amwest Surety Ins. Co.*, Perez was remanded into custody on the case for which the $75,000 bond was posted.  (*Ibid.*)

## II

The County next argues exoneration of the $75,000 bond made it voidable, not void.

The authorities the County cites do not hold that remanding a defendant into custody made the bail contract merely voidable.  (Cf. *People v. Lexington National Ins. Corp.* (2015) 242 Cal.App.4th 1098, 1105 [holding that the trial court's order increasing the amount of bail was a unilateral change of the terms of the bail bond contract which rendered the contract void].)  As we have explained, the trial court's order increasing the amount of bail and remanding Perez into custody on December 22, 2017, exonerated the $75,000 bond.  Exoneration means Accredited's obligations under the $75,000 bond were extinguished.  (*International Fidelity Ins. Co., supra*, 204 Cal.App.4th at p. 594.)  Once Accredited's obligations under the $75,000 bond were extinguished, the trial court could not reinstate or forfeit the bail bond.  (*People v. Safety National Casualty Corp.* (2007) 150 Cal.App.4th 11, 17 (*Safety National Casualty Corp.*).)

9

## III

The County further argues Accredited ratified the $75,000 bond, it is equitably estopped from challenging the validity of the $75,000 bond, and it waived any objection to the trial court's jurisdiction over the bonds. But the County may not raise these claims for the first time on appeal.

### A

"Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him." (*Rakestraw v. Rodrigues* (1972) 8 Cal.3d 67, 73.) The County did not raise a claim of ratification in the trial court. Points not urged in the trial court may not be raised for the first time on appeal. (*Damiani v. Albert* (1957) 48 Cal.2d 15, 18 (*Damiani*); *Fretland v. County of Humboldt* (1999) 69 Cal.App.4th 1478, 1489 (*Fretland*).) Additionally, the County does not cite any authority for its proposition that Accredited ratified the exonerated bail bond. We need not consider claims made without legal analysis and citation to authority. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656 ["the trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made . . . ."].)

### B

The County further contends that Accredited is equitably estopped from challenging the validity of the $75,000 bond because it posted a $90,000 bond instead of a $165,000 bond and led the trial court to believe that it had reinstated the $75,000 bond.

Whether a defendant's conduct is sufficient to invoke the doctrine of equitable estoppel is a factual question entrusted to the trial court's discretion. (*Cuadros v. Superior Court* (1992) 6 Cal.App.4th 671, 675.) The County did not argue equitable estoppel in opposition to Accredited's motion to vacate the forfeiture and exonerate

10

the bond. They may not raise that claim for the first time on appeal. (*Damiani, supra*, 48 Cal.2d at p. 18; *Fretland, supra*, 69 Cal.App.4th at p. 1489.)

The County also fails to demonstrate, with citation to the record, that Accredited should be equitably estopped. It asserts the elements of equitable estoppel are met, but the County does not cite the portion of the record supporting its factual assertions. For that reason also, the County's claim is forfeited. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

C

In addition, the County argues Accredited waived any objection to the trial court's jurisdiction over the $75,000 and $90,000 bonds when Accredited requested an extension of time pursuant to section 1305.4.

The County did not raise a claim of waiver in the trial court. But even if it could raise such a claim now, the record does not support a finding of waiver by Accredited. "Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depends upon the intention of" the party purportedly waiving its right. (*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 59.) In its motion to vacate the forfeiture and exonerate the bail, filed on September 28, 2018, Accredited argued that the $75,000 bail bond was exonerated by operation of law and the $90,000 bail bond was void. The record does not show that Accredited waived its arguments that its bail bonds were exonerated or void. In fact, Accredited raised those arguments in its second motion to vacate the forfeiture and exonerate the bail.

IV

Accredited contends the trial court erred in denying its motion to vacate forfeiture and exonerate bail as to the $90,000 bail bond because the posting of a bond in an amount

11

different from that ordered by the trial court does not create a valid contract. We agree that no valid bail bond contract was formed with the issuance of the $90,000 bail bond.

A bail bond that has been exonerated by operation of law cannot be used as part of the consideration to meet a court order requiring a higher bail amount. (*International Fidelity Ins. Co., supra*, 204 Cal.App.4th at pp. 594-595; *Safety National Casualty Corp.*, *supra*, 150 Cal.App.4th at pp. 14-18.) In *Safety National Casualty Corp.*, the defendant failed to appear at a court-ordered hearing following a grant of probation. (*Safety National Casualty Corp.*, at p. 16.) The trial court issued a bench warrant and the defendant was arrested under the warrant. A surety then issued a bond to secure the defendant's release, guaranteeing the defendant's appearance in court on a specified date. (*Ibid.*) The trial court continued the defendant on probation and ordered her to appear the following week when she appeared in court. (*Id.* at pp. 16-17.) It declared bail forfeited when the defendant did not appear at the next hearing. (*Id.* at p. 13.)

The appellate court reversed the summary judgment forfeiting the surety's bond and the order denying the surety's motion to set aside the judgment. (*Safety National Casualty Corp.*, *supra*, 150 Cal.App.4th at p. 18.) It held that bail was exonerated by operation of law when the trial court continued the defendant on probation. (*Id.* at pp. 14, 16-17 [citing section 1195 which provides that the bail shall be exonerated when the defendant who is on bail appears for judgment and probation is granted].) The appellate court held that the trial court's pronouncement of bail forfeiture was a void act as there was no bail obligation in existence that could be forfeited at that time. (*Id.* at p. 17.)

In *International Fidelity Ins. Co.*, a surety posted a $35,000 bail bond for the defendant. (*International Fidelity Ins. Co., supra*, 204 Cal.App.4th at p. 590.) The trial court remanded the defendant upon the prosecutor's request based on information that the defendant had outstanding warrants in other cases. (*Ibid.*) The trial court increased the bail to $100,000, allowed the $35,000 bond to remain, and required an additional $65,000 bond. (*Ibid.*) A different surety issued a $65,000 bond to obtain the defendant's release

12

from custody.  (*Id* at p. 591.)  The trial court ordered both bonds forfeited when the defendant did not appear at the next hearing.  (*Ibid.*)

The appellate court concluded that the $35,000 bond was exonerated by operation of law when the defendant was remanded to the custody of the sheriff.  (*International Fidelity Ins. Co., supra*, 204 Cal.App.4th at p. 590, 594.)  Thus, it was error for the trial court to allow the $35,000 bond to remain and to add a $65,000 bond to meet the $100,000 bail amount.  (*Id.* at p. 594 & fn. 3 [stating that it was legally impossible for the $65,000 bond to provide for the increased bail and disagreeing with the view in *Ranger Ins. Co., supra*, 61 Cal.App.4th 812 that an exonerated bond can be used in combination with another bond to provide the full amount of bail set by the trial court].)  The appellate court held that the $65,000 bond agreement was void because part of the consideration for the second surety's posting of the $65,000 bond -- i.e., the extension of the $35,000 bond -- was unlawful.  (*International Fidelity Ins. Co.,* at p. 595.)

As we have explained, Accredited's contractual obligations under the $75,000 bail bond were extinguished when the trial court increased the bail amount and remanded Perez.  And the $90,000 bail bond could not be used to meet the $165,000 increased bail amount ordered by the trial court.  (*International Fidelity Ins. Co., supra*, 204 Cal.App.4th at p. 594.)  The $90,000 bond was void and was, thus, not subject to forfeiture.  (*Id.* at pp. 594-595.)

We will reverse the trial court's order denying Accredited's motion to vacate forfeiture and exonerate the bond and the summary judgment as it pertains to the $90,000 bond.  Our conclusion is consistent with the policy disfavoring bail forfeiture.  (*Western Ins. Co., supra*, 213 Cal.App.4th at p. 321; *International Fidelity Ins. Co., supra*, 204 Cal.App.4th at p. 595.)

DISPOSITION

The summary judgment entered June 7, 2019, is reversed and the order denying the motion to vacate forfeiture and exonerate bail is reversed as to the $90,000 bail bond.

The order granting the motion to vacate forfeiture and exonerate bail is affirmed as to the $75,000 bail bond.  The case is remanded for the trial court to enter orders consistent with this opinion.  Accredited shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                                  /S/
                                        MAURO, Acting P. J.


We concur:


    /S/
DUARTE, J.


    /S/
KRAUSE, J.

Filed 4/7/22

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>ACCREDITED SURETY & CASUALTY COMPANY,<br><br>      Defendant and Appellant. | C089808<br><br>(Super. Ct. No. 19CI000126)<br><br>ORDER MODIFYING OPINION AND GRANTING REQUEST FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Tehama County, Richard Scheuler, Judge. Affirmed in part, reversed in part, and remanded with directions.

Richard Stout, County Counsel, and Daniel B. Klausner, Deputy County Counsel, for Plaintiff and Appellant.

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh, for Defendant and Appellant.

_____

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.

1

THE COURT:

It is ordered that the opinion filed in this case on March 14, 2022, be modified as follows:

On page 2, remove the fourth full paragraph beginning with "We conclude" and replace with the following:

In the published portion of the opinion, we conclude the trial court properly determined that the $75,000 bond was exonerated, the authorities the County cites do not support the claim that the $75,000 bond was voidable and not void, and no valid bail contract was formed with the issuance of the $90,000 bail bond. In the unpublished portion of the opinion, we conclude the County may not raise a claim of ratification, equitable estoppel or waiver for the first time on appeal.

On page 13, remove second full paragraph beginning with "As we have explained" and replace with the following:

As we have explained, Accredited's contractual obligations under the $75,000 bail bond were extinguished when the trial court increased the bail amount and remanded Perez. Consistent with *International Fidelity Ins. Co.*, the $90,000 bail bond could not be used to meet the $165,000 increased bail amount ordered by the trial court. (*International Fidelity Ins. Co., supra*, 204 Cal.App.4th at p. 594.) The $90,000 bond was void and not subject to forfeiture. (*Id.* at pp. 594-595.)

On page 13, third full paragraph, second sentence, remove "is consistent" and replace with "complies" so that the sentence now reads:

Our conclusion complies with the policy disfavoring bail forfeiture.

This modification does not change the judgment.

2

The opinion in the above-entitled matter filed on March 14, 2022, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


FOR THE COURT:


        /S/
MAURO, Acting P. J.


        /S/
DUARTE, J.


        /S/
KRAUSE, J.


3