[No. E027310. Fourth Dist., Div. Two. Feb. 14, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
AMWEST SURETY INSURANCE COMPANY, Defendant and Appellant.

70

COUNSEL

Law Office of James V. Cicalese and James V. Cicalese for Defendant and Appellant.

William C. Katzenstein, County Counsel, and Neal R. Kipnis, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**WARD, J.**—Defendant and appellant Amwest Surety Insurance Company (Amwest) appeals the trial court's order denying its renewed motion to set aside summary judgment on a bail bond forfeiture.[1] We affirm the judgment.

FACTS

Sanchez Bail Bonds (Sanchez) posted a bail bond in the amount of $5,000 on February 2, 1999, for the release of defendant Jonathan Avila Garcia in *People v. Garcia*, Riverside Superior Court, case No. INF 031791 (the first case). Under the bond, Sanchez guaranteed the appearance of Garcia in court on March 22, 1999. Garcia appeared in court on that date, and he was ordered to return to court several more times on subsequent dates. Garcia appeared in court on the scheduled dates, and the bail bond was continued each time, until June 29, 1999. Garcia failed to appear for a preliminary hearing on June 29, 1999, and, thus, the bail bond was ordered forfeited by the court.

On March 2, 1999, before the bond was ordered forfeited, Garcia was taken into custody on *People v. Garcia*, Riverside Superior Court, case No. INF 028950 (the second case). Jack Duke Bail Bonds posted a $25,000 bond in the second case.

---

[1] Although Amwest is the named appellant, Sanchez Bail Bonds is the real party in interest. Sanchez Bail Bonds was the agent for Amwest and posted the bond that is at issue. Future reference to the "defendant" will refer to Jonathan Avila Garcia, for whom the bond was posted.

Amwest initially filed a motion to toll time, or alternatively, to vacate the forfeiture of the bond, which was denied on December 23, 1999. On February 4, 2000, summary judgment was entered on the forfeiture. Amwest then filed a "renewed" motion to vacate the forfeiture, which was also denied. Amwest now appeals.

## ANALYSIS

Amwest proffers the same argument that has been denied twice by the trial court. Essentially, Amwest argues that when Garcia was arrested and taken into custody in the second case, the court should have exonerated the bond posted in the first case. In support of its argument, Amwest cites *People v. McReynolds* (1894) 102 Cal. 308 [36 P. 590] and *People v. Amwest Surety Ins. Co.* (1986) 180 Cal.App.3d 444 [225 Cal.Rptr. 592], both of which are inapposite. In both cases, the defendants were remanded into custody on cases *for which the bonds had been posted*. Here, defendant was taken into custody on a matter which was undisputedly unrelated to the case in which Amwest posted the bond.

"A bail bond is in the nature of a contract between the government and the surety, in which the surety acts as a guarantor of the defendant's appearance under risk of forfeiture of the bond. [Citation.] 'In general the state and surety agree that if the state will release the defendant from custody, the surety will undertake that the defendant will appear personally and *at a specified time and place* . . . . If the defendant fails to appear at the proper time and place, the surety becomes the absolute debtor of the state for the amount of the bond.' [Citation.]" (*People v. Amwest Surety Ins. Co.* (1991) 229 Cal.App.3d 351, 356 [280 Cal.Rptr. 58], italics added.)

In other words, "[i]t is the obligation of the sureties on a bail bond to produce the principal at the time and the place *specified in the bond*. [Citation.] When that condition is met, the surety is exonerated. [Citation.] [¶] The surety's obligation is defined by its written contract with the People and its principal. [Citation.]" (*People v. Amwest Surety Ins. Co., supra*, 180 Cal.App.3d at p. 447, italics added.)

Here, Sanchez guaranteed that Garcia would appear in court on the date that was specified in its bond. Garcia did appear for the first few court-ordered dates, and thus, the bond was continued. However, as soon as Garcia failed to appear for the preliminary hearing on June 29, 1999, the court properly ordered the bond forfeited. Garcia's arrest and return to custody in *the second case* on March 2, 1999, had no effect on Sanchez's contractual bail obligation for Garcia to appear in *the first case*.

## DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and Gaut, J., concurred.