[No. B211602. Second Dist., Div. Two. Feb. 2, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
LEXINGTON NATIONAL INSURANCE CORPORATION, Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Ralph L. Rosato, Assistant County Counsel, and Melissa A. McCaverty, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**BOREN, P. J.**—Lexington National Insurance Corporation (Lexington), a surety, appeals the trial court's order denying its motion to vacate bail bond forfeiture and to reinstate and exonerate a bail bond. We reverse because the criminal defendant's custody in Virginia constituted a "temporary disability,"

within the meaning of Penal Code section 1305, subdivision (e),[1] requiring that the trial court "shall order the tolling of the 180-day period [for vacating forfeiture and exonerating the bond] during the period of temporary disability."

## FACTUAL AND PROCEDURAL SUMMARY

In August of 2007, Lexington posted a $50,000 bail bond for the release from custody of a criminal defendant, Omar Bobadilla, who was charged with one count of arson. The defendant appeared for several court appearances in August and September, but on November 7, 2007, the defendant failed to appear on a scheduled court date. The court promptly mailed to Lexington a notice of forfeiture, noting that Lexington's "contractual obligation to pay this bond will become absolute" after lapse of the statutory 185-day time period,[2] unless a court orders the forfeiture set aside and the bond reinstated upon a motion satisfying the requirements set forth in section 1305.

On May 12, 2008, the date its obligation to pay would otherwise become absolute, Lexington (through its designated bail agent) moved pursuant to section 1305 to vacate forfeiture and to reinstate and exonerate the bail bond. The motion, which was made without counsel, was made on the grounds that the defendant was in custody in another jurisdiction, the state of Virginia, as of April 12, 2008. The half-page of points and authorities in support of the motion cited only section 1305, subdivision (c), which provides that when a defendant appears in court either voluntarily or in custody within 180 days of the date of forfeiture, the court must on its own motion vacate the forfeiture and exonerate the bail bond.

On June 11, 2008, at the hearing on the section 1305 motion, the court noted that Lexington had provided it with an e-mailed copy of a booking photograph of the defendant taken in Virginia and a related printout indicating he was in a county jail in Virginia. Lexington's agent noted that the exhibit filed with the motion "shows the in-custody information from the jail as well as . . . the booking photo [which] does match with my in-house photo of him as well. We're pretty darn positive that that's our guy." The court acknowledged that the place of custody "in this particular case is in the state of Virginia."

Lexington's agent explained that it did not have authority to get the defendant because he was in custody on a felony and also had an immigration

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

[2] Section 1305, subdivision (b) provides, in pertinent part, that when the clerk of the court mails notice of forfeiture to the bail agent, the 180-day period for possible vacatur of the forfeiture is extended five days to allow for mailing.

detainer warrant. The deputy district attorney opposed the motion to vacate the forfeiture and to reinstate and exonerate bail. The deputy district attorney argued that it was the bondsman's responsibility to bring the defendant to court from Virginia. The trial court denied the motion, relying on *People v. Amwest Surety Ins. Co.* (2001) 87 Cal.App.4th 69 [104 Cal.Rptr.2d 282] (*Amwest*), a case which found that taking a defendant into custody in a second case, at a time when the defendant had not yet failed to appear in court on his first case, did not exonerate bail in the first case. The trial court here remarked that the defendant's arrest and return to custody in the second case, regarding the criminal matter in Virginia, had no effect on the contractual bail bond obligation requiring him to appear in his prior California case, and that it is the obligation of the surety on a bail bond to produce the principal at the time and place specified in the bond. Counsel for Lexington then urged that time be tolled in this matter, but the court denied the request because the informal request to toll was not a properly noticed motion.

Lexington appeals from the order denying its motion to vacate the forfeiture and to reinstate and exonerate bail.

## DISCUSSION

Lexington contends the trial court erred in denying its motion to vacate the forfeiture and to exonerate the bail bond. We agree.

■ "An order denying a motion to set aside a forfeiture is appealable." (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1382 [59 Cal.Rptr.2d 777].) On appeal, we review the trial court's resolution of a motion to set aside a bail forfeiture under the abuse of discretion standard (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195 [126 Cal.Rptr.2d 172]), subject to the protections afforded by the statutory scheme addressing bail forfeiture (see § 1305 et seq.). When a statutory scheme, such as that pertaining to bail forfeiture, "requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to act subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." (*People v. Ranger Ins. Co., supra,* 51 Cal.App.4th at p. 1384; see *People v. Legion Ins. Co., supra,* 102 Cal.App.4th at p. 1196.)

■ It is also well settled that the law disfavors forfeitures, and that this disfavor extends to the forfeiture of bail. (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) " 'Thus, Penal Code sections 1305 and 1306 dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety

their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263].)

■ Lexington properly contends that the trial court was required, pursuant to section 1305, to grant relief from forfeiture because the defendant was in custody in another state during the statutory 185-day period during which forfeiture could be vacated. If the grounds for relief "are properly set forth, the surety is entitled to whatever relief is appropriate in the circumstances." (*People v. Resolute Ins. Co.* (1975) 46 Cal.App.3d 249, 255 [120 Cal.Rptr. 17].) Here, the motion set forth as grounds to vacate the forfeiture and exonerate the bond that within 180 days of the date of forfeiture the defendant was "arrested and in custody" at a jail in Hopewell, Virginia.

■ Section 1305 provides, in pertinent part, that in the case of a defendant's failure to appear because of a "permanent disability" due to "detention" by "civil authorities," the court "shall direct the order of forfeiture to be vacated and the bail . . . exonerated." (§ 1305, subd. (d).) In similar fashion, the statute provides, in pertinent part, that in the case of a defendant's failure to appear because of a "temporary disability" due to "detention" by "civil authorities," the court "shall order the tolling of the 180-day period provided in this section during the period of temporary disability" and thereafter tolling for a "reasonable period of time" to "allow for the return of the defendant to the jurisdiction of the court." (§ 1305, subd. (e).) In either situation, whether the defendant's disability is permanent or temporary, there is a low threshold of proof. (See *People v. Resolute Ins. Co., supra,* 46 Cal.App.3d at pp. 256–257.) The disability need only be made apparent "to the satisfaction of the court." (§ 1305, subds. (d), (e).)

The particular procedures and requirements set forth in section 1305 are jurisdictional. (*People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300–301 [38 Cal.Rptr.2d 167]; see *Burtnett v. King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657].) All directions to the court as to its duties are mandatory, and an act beyond those constraints is in excess of jurisdiction. (*People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 381–382 [31 Cal.Rptr. 208].) Upon Lexington's motion pursuant to section 1305 and its assertion of the defendant's incarceration in another state during the relevant time period and thus his apparent disability, the trial court was obligated to assess the disability and, if found, to order the appropriate relief.

Lexington's motion requested an order vacating the forfeiture and exonerating bail, a remedy applicable only if the defendant's disability was permanent, which it apparently was not. To the extent the defendant would be available for transfer to California after the conclusion of proceedings in

another state, the defendant's disability would be deemed temporary. The defendant's apparent "temporary" disability, which was due to his incarceration in Virginia, required merely the tolling of the exoneration period for the duration of the disability "to allow for the return of the defendant to the jurisdiction of the court." (§ 1305, subd. (e).) Thus, the trial court was obligated to determine if the evidence presented to it of the defendant's out-of-state custody made it apparent to its satisfaction that a disability existed and then, if so, to order appropriate relief.

Here, rather than determine the nature of the disability and grant the relief required by statute, the trial court denied the motion based on the holding of *Amwest, supra*, 87 Cal.App.4th 69. In *Amwest*, the appellate court found that the trial court properly entered summary judgment on a bail bond forfeiture when the defendant failed to appear in court, because the defendant's arrest and return to custody in a second criminal case had no effect on the contractual bail bond obligation for him to appear in the first case. Both cases were in the same California court, the Riverside County Superior Court. The Court of Appeal emphasized that it was the obligation of the sureties on a bail bond to produce the principal at the time and place specified in the bond, and that upon a defendant's failure to appear the surety became the absolute debtor of the state for the amount of the bond. (*Id.* at p. 71.)

In the present case, the deputy district attorney relied on *Amwest, supra*, 87 Cal.App.4th 69, where the defendant was already within the jurisdiction of the California courts, and argued that "it's the bondsman's responsibility to bring the defendant to court." That is not the case here, however, because the defendant was incarcerated in Virginia and beyond the jurisdiction of the State of California. The prosecutor, not the bondsman, had the responsibility to bring to California a defendant incarcerated out of state to face justice here in California. (§ 1305, subd. (f).) The statutory scheme recognizes the prosecutor's authority to extradite a defendant found outside of California, and it requires the exoneration of bail if the prosecutor elects not to extradite. (§ 1305, subds. (f), (g).) Specifically, "In all cases where a defendant is in custody beyond the jurisdiction of the court that ordered the bail forfeited, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond . . . ." (§ 1305, subd. (f).) Thus, *Amwest* does not control the outcome of the case before us.

Nor is there any merit to the argument that Lexington's contention was waived because it is raised for the first time on appeal. As a general rule, a party may not for the first time on appeal change the theory upon which the case was tried; however, an exception exists where a question of law is presented on the uncontroverted facts appearing in the record, and the facts

could not be altered by the presentation of additional evidence. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847 [60 Cal.Rptr.2d 780], relied upon in *People v. Accredited Surety & Casualty Co.* (2004) 132 Cal.App.4th 1134, 1146 [34 Cal.Rptr.3d 199].) "Moreover, lack of jurisdiction may be raised for the first time on appeal." (*People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1441 [101 Cal.Rptr.3d 286].)

We acknowledge that on appeal Lexington focuses on different subdivisions of section 1305 than it did at trial. Lexington's half-page points and authorities filed with the trial court erroneously cited only section 1305, subdivision (c), which was factually inapplicable to the situation. That subdivision applies by its terms to situations where a defendant appears "in court on the case in which the forfeiture was entered" and appears either voluntarily or in custody after surrender or arrest within the 180-day period. (§ 1305, subd. (c).) The defendant here did not appear during that time period in California on his pending criminal case. Lexington did not request that the trial court determine, pursuant to section 1305, subdivisions (d) and (e), whether the defendant's disability due to his Virginia incarceration was permanent or temporary and to grant relief accordingly. However, that issue is a question of law that Lexington may belatedly raise for the first time on appeal, both because it is a jurisdictional statutory mandate and because the issue is not dependent on undecided questions of fact.

The undisputed fact was that the defendant was incarcerated in Virginia, and his incarceration constituted a statutory disability. Indeed, the trial court specifically acknowledged that the place of custody "in this particular case is in the state of Virginia." It thus appeared to the court (§ 1305, subd. (e)), which needed to be satisfied by only the lowest quantum of evidence (see *People v. Resolute Ins. Co., supra*, 46 Cal.App.3d at pp. 256–257), that the defendant was being detained by the Virginia authorities. The only matter to be determined by the court was the appropriate relief based on the law and undisputed facts—either exoneration or tolling.

Tolling would have allowed the opportunity for a hold to be placed with the Virginia authorities, which presumably then would have resulted in the defendant's return to the jurisdiction of the California courts and in the exoneration of the bail bond. Tolling also would have provided an extended period of time for the deputy district attorney to decide whether to extradite the defendant. In fact, the deputy district attorney could have stated at the June 11, 2008, hearing her intentions regarding extradition. If she intended to extradite the defendant, the trial court should have tolled the 180-day period; if she did not intend to seek extradition, the trial court should have at that time vacated the forfeiture and exonerated the bail bond. (§ 1305, subd. (f).) To deny Lexington's motion, however, when the defendant was in custody in another jurisdiction and available to California authorities was unwarranted.

Finally, there is no merit to the claim that Lexington's request at the conclusion of the hearing to toll the running of the 180-day time period was not made as a timely and properly noticed written motion. The written motion before the court was made on the grounds that the defendant was in custody in Virginia. As such, section 1305 required the court to consider the relief that might be appropriate in the circumstances—exoneration if the disability was permanent, or tolling if the disability was temporary. The court's denial of exoneration implicitly indicated it was not satisfied the disability was permanent. Thus, the disability was necessarily temporary, and the court was compelled by the statutory scheme to consider and grant a tolling based on the temporary nature of the disability. Accordingly, Lexington's request for a tolling was apparently an effort to prompt the court to comply with the jurisdictional requirement that it grant such relief, and the tolling request was not a separate and untimely motion.

## DISPOSITION

The order under review is reversed. The trial court is directed to vacate the forfeiture and exonerate the bond. Lexington is entitled to costs on appeal.

Doi Todd, J., and Ashmann-Gerst, J., concurred.