Filed 5/1/15  P. .v Mark  Garcia Bail Bonds CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK GARCIA BAIL BONDS,<br><br>    Defendant and Appellant. | F069328<br><br>(Super. Ct. No. 1459466)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  John D. Freeland, Judge.

Saria & Saria and Robert J. Saria for Defendant and Appellant.

John P. Doering, County Counsel, and Robert J. Taro, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

In this bail forfeiture action, appellant Mark Garcia Bail Bonds, moved to vacate the forfeiture and exonerate bail based on equitable estoppel.  According to appellant, the

---

\*      Before Levy, Acting P.J., Gomes, J. and Kane, J.

superior court clerk's office told appellant's bail agent on three occasions that the case was closed and the bond exonerated when that was not true.

The trial court denied appellant's motion finding that the bail agent's testimony was not credible. Appellant argues it acted reasonably and in good faith and therefore relief should be granted. We disagree. The trial court did not abuse its discretion when ruling on appellant's motion. Accordingly, we will affirm the judgment.

## BACKGROUND

In May 2013, appellant posted a $50,000 bond for the release of defendant Gabriel Rafael Orozco. The defendant failed to appear as ordered on June 19, 2013, and the trial court declared the bond forfeited in open court. In February 2014, the trial court entered summary judgment on the forfeiture of the bond.

Appellant filed a motion to set aside the summary judgment, vacate the forfeiture, and exonerate the bond based on equitable estoppel. The motion was supported by a declaration executed by Jaime Gonzales, a bail agent employed by appellant. At the hearing on the motion, Gonzales testified on appellant's behalf.

Gonzales testified that the defendant came into the bail bond office the day after he failed to appear and was instructed to get a new calendar date. Gonzales further testified that the defendant again contacted the bail bond office on July 26, 2013. According to Gonzales, the defendant advised him that the case was closed. Gonzales recounted that he called the clerk's office on July 29 and was told that the case was closed and that the warrant would be recalled.

Gonzales stated that he contacted the clerk's office again on December 20, 2013, because he had not received an exoneration slip. According to Gonzales, he was informed that the bond had been exonerated. Gonzales testified that he called the clerk's office a third time on January 21, 2014, to inquire about the exoneration slip he had not received and was directed to bring a duplicate copy of an exoneration slip for the clerk's

office to use. Gonzales claimed that he did not find out the bond was not exonerated until he received the notice of summary judgment on February 25, 2014.

On cross-examination, Gonzales admitted that his written declaration contained incorrect dates. The declaration stated he called the clerk's office on June 29, 2013 which was a Saturday. Gonzales first testified that he called on June 21 and later corrected that date to July 29. Similarly, while the declaration stated Gonzales called the clerk's office the second time on October 20, which was a Sunday, Gonzales testified that he in fact made that call on December 20. Gonzales later stated that he went to the court in person on December 20.

The court found the testimony offered by Gonzales "to not be credible" and noted that it was not supported by any corroborating evidence. The court further observed that assuming Gonzales went to the court in person on December 20 as he testified, he failed to explain why he did not take it upon himself on that date to look at the court's file. Additionally Gonzales did not document the name of the clerk he spoke to on that date.

Based on these findings, the court concluded there was no basis for appellant's agent to rely on any alleged statements made by a court clerk. Rather, the court found no such representations were made by any court clerk. Therefore, the court ruled equitable estoppel was unavailable as a basis for relief and denied the motion.

## DISCUSSION

On appeal of an order denying a motion to set aside a bail forfeiture, we review the trial court's decision under the abuse of discretion standard. (*People v. Lexington National Ins. Corp.* (2010) 181 Cal.App.4th 1485, 1489.) However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

3.

Appellant argues the trial court abused its discretion by ignoring the record as a whole and focusing on a limited portion. Appellant further contends that, in calling the court clerk's office on three separate occasions, it acted reasonably and exercised sufficient due diligence.

However, appellant's position requires a finding that Gonzales testified truthfully regarding the calls and the incorrect information he was given. The trial court concluded otherwise. Considering the various versions of the facts Gonzales testified to and the absence of any corroboration, the trial court's rejection of Gonzales's testimony is supported by the record. Accordingly, the trial court did not abuse its discretion in denying appellant's motion.

Appellant additionally argues that forfeiture is an unduly harsh result. Appellant notes that the defendant was in custody in another county under a false name when the summary judgment was granted. According to appellant, under these circumstances forfeiture is unjustifiable when balanced against the diligence of the appellant.

However, failure of either party to undertake the appropriate action within the requisite time period will result either in permanent forfeiture of the bond or loss of jurisdiction and exoneration of the bond. "None of these deadlines are mutable, and a plea to the court for equity or fairness must necessarily fall on deaf ears." (*People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 810.)

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

4.