Filed 6/7/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN SURETY<br>COMPANY,<br><br>    Defendant and Appellant. | 2d Civil No. B304678<br>(Super. Ct. No. 19CV05912)<br>(Santa Barbara County) |

American Surety Company (American) appeals from the order denying its motion to vacate the judgment forfeiting bail. It contends that the court had no jurisdiction to continue the proceedings without forfeiting bail when the defendant failed to appear in court without presenting a sufficient excuse for his absence. Because a court may continue criminal proceedings without forfeiting bail if the court has reason to believe that a sufficient excuse may exist for the failure to appear, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

American posted a $100,000 bail bond for Mengquan Yu who was charged in a felony complaint. Yu appeared as

required for hearings in October and November 2018. On December 6, Yu failed to appear at a hearing to set the preliminary examination. The court accepted his counsel's representation that he was in Ventura County on a Welfare and Institutions Code section 5150 hold. Counsel stated that he hoped the section 5150 proceedings would be resolved by mid-January. The court then continued the case to January 17, 2019, continued the bail bond in effect, and issued and held a bench warrant.

Yu did not appear on January 17. A different attorney appeared on his behalf. He said that counsel of record had been attempting to contact Yu but counsel of record could not appear and report to the court because a road was unexpectedly closed due to the weather. He stated that Yu "apparently was in a 5150 hold in Ventura County." He asked the court to "issue and hold for a warrant while [counsel of record] gets in contact." He stated, "Just one more week, and we will make sure that we get in touch with the client." The court found good cause to continue the bail bond, held the warrant, and continued the case to January 24.

On January 24, Yu's counsel of record appeared and stated he lost contact with Yu, who was not present. The court forfeited the bail bond and issued a bench warrant.

American filed a motion to vacate the forfeiture and exonerate the bond, or alternatively, to extend the 180-day forfeiture period. (Pen. Code, § 1305.4.)[1] The trial court denied the motion. On November 5, the court entered summary judgment against the bond. (§ 1306.)

---

[1] All subsequent undesignated statutory references are to the Penal Code.

2

American then filed a motion to the vacate summary judgment and extend the forfeiture period.  (§§ 1305.4, 1308.)  The court denied the motion.

## DISCUSSION

### *Timeliness of appeal*

The county contends the appeal is untimely because a summary judgment must be appealed within 90 days of filing a motion to vacate it.  (Cal. Rules of Court, rule 8.108(c)(2).)  We reject this contention because American does not appeal from the summary judgment.  Instead, it appeals from the later denial of the motion to vacate the judgment, which is independently appealable.  (§ 1308, subd. (a); *People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 760, 762.)

The county concedes that American timely appealed the order denying the motion to vacate the judgment.  But it contends that American forfeited an appeal of that order because it "does not present any argument regarding the trial court's decision denying the motion to vacate."  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [argument without legal citation or application to facts abandoned].)  This is incorrect:  American argues that the judgment should be vacated because the trial court lost jurisdiction over the bond on January 17.  Although American did not assert that ground in the trial court, we will determine the merits because the case presents a pure question of law regarding jurisdiction based on undisputed facts.  (*People v. Lexington National Ins. Corp.* (2010) 181 Cal.App.4th 1485, 1491-1492.)

### *Jurisdiction to continue bail bond*

American contends the trial court lost jurisdiction when it failed to forfeit bail on January 17, and as a result, the

3

subsequent bail forfeiture was void and subject to collateral attack at any time. We disagree.

We review denial of a motion to vacate a bail forfeiture for abuse of discretion. (*People v. Lexington National Ins. Corp.*, *supra*, 181 Cal.App.4th at p. 1489.) "When a statutory scheme, such as that pertaining to bail forfeiture, 'requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to act subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.'" (*Ibid.*)

American's reliance on *People v. Amwest Surety Ins. Co.* (2004) 125 Cal.App.4th 547 is misplaced. There, the trial court lost jurisdiction by failing to declare the bond forfeited in open court when the defendant failed to appear. Here, the trial court exercised its discretion to continue the bond pursuant to section 1305.1, which provides: "If the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has *reason to believe that sufficient excuse may exist* for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant. [¶] If, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued." (Italics added.)

The court must forfeit bail when the defendant, "without sufficient excuse," fails to appear for a required court appearance. (§ 1305, subd. (a)(1).) But because the court below had "reason to believe that sufficient excuse *may* exist for the failure to appear" when it continued the case, "the court did not

4

lose jurisdiction to later declare a forfeiture of bail when the defendant failed to appear at the continued hearing date." (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 953; *County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 522.)

American contends that because the January 17 hearing was a continued hearing, the court lacked power to once again continue the hearing for another week. Where, as here, the court continues the case because sufficient excuse may exist, but "the defendant, *without sufficient excuse,* fails to appear on or before the continuance date set by the court, the bail shall be forfeited." (§ 1305.1, 2d par., italics added.) American contends that this language provides a more rigorous standard when the accused fails to appear at a continued hearing, when the accused must actually present a "sufficient excuse," not just a "reason to believe that sufficient excuse may exist." We are not persuaded.

The substance of the "reason to believe" language in section 1305.1 originated in a former version of section 1305, subdivision (b), as amended in 1969. (Sen. Bill No. 1295 (1969 Reg. Sess.) Stats. 1969, ch. 1194, § 2; *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 26-27.) When applying the previous version of the statute, our Supreme Court interpreted "without sufficient excuse" to mean "some rational basis for a belief at the time of his nonappearance that there exists sufficient excuse therefor." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906; see *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 894 [language in *United Bonding* "remarkably similar" to

5

1969 amendment]; *People v. Ranger Ins. Co., supra*, 108 Cal.App.4th at p. 951, fn. 6.)[2]

In 1993, the Legislature moved the substance of the "reason to believe" language from former section 1305 to the first paragraph of new section 1305.1. (Assem. Bill No. 734 (1993-1994 Reg. Sess.) Stats. 1993, ch. 524, § 4.) The legislation also added the second paragraph of section 1305.1. The purpose of the 1993 legislation was to "recast[] the provisions relating to forfeiture of bail in a more readable form" and "clarify the convoluted prose of existing law pertaining to bail forfeitures." (Sen. Floor Analysis, 3d reading analysis of Assem. Bill No. 734 (1993-1994 Reg. Sess.) as amended Aug. 18, 1993.)[3]

Although the 1993 legislation "does contain elements of substance" (Sen. Floor Analysis, *supra*), the language in section 1305.1 is not among the substantive changes. And the legislative history gives no indication that the Legislature sought to restrict the court's discretion to continue a bond when it "has reason to believe that sufficient excuse may exist." We therefore conclude the same standard applies to failures to appear at both the original appearance date and a continued date. The court

---

[2] In enacting the 1969 amendment, "'the Legislature intended the very simple alternative of a reasonable continuance without any specific minute order. Since the court is thus specifically authorized by the amendment to postpone its decision, it certainly retains jurisdiction to declare a forfeiture at a later time.'" (*People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 201.)

[3] <http://leginfo.ca.gov/pub/93-94/bill/asm/ab_0701-0750/ab_734_cfa_930817_093942_sen_floor> [as of June 3, 2021], archived at <https://perma.cc/L84Y-QRMU>.

6

thus applied the correct standard on January 17 when it determined that jurisdiction was not lost and continued the hearing.

### *Abuse of discretion*

The court has discretion to determine whether a rational basis exists to believe there may be a sufficient excuse for failing to appear.  (*People v. United Bonding Ins. Co.*, *supra*, 5 Cal.3d at pp. 906-907; *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at pp. 952-953.)  The trial court did not abuse its discretion here when it relied on representations of counsel.  (*County of Yolo v. American Surety Co.*, *supra*, 43 Cal.App.5th at p. 526; *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 924-925.)  "'"In most situations . . . the only reasons before the trial court are the evidence or representations furnished by defendant's counsel.  The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations." [Citation.]'" (*People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 952.)

American recognizes the burden that forfeiture places on both the surety and on family and friends who pledge their homes and other assets to secure an accused's release (*County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 666), but nonetheless contends that the trial court should have rejected counsel's explanation and forfeited bail on January 17.  We disagree.

This case is unlike *People v. United Bonding Ins. Co.*, *supra*, 5 Cal.3d at page 902, and *People v. Harco National Ins. Co.* (2005) 135 Cal.App.4th 931, where no explanation was given for the defendants' absences.  "'Because each case presents its own unique set of circumstances the issue whether the showing of

7

excuse is sufficient is decided on a case-by-case basis.'" (*Harco*, at p. 934.)

On January 17, counsel represented that (1) Yu had been on a 5150 hold in Ventura County,[4] (2) counsel of record had been attempting to contact him, (3) counsel of record could not appear in court on that day because of a road closure due to inclement weather, and (4) Yu had appeared at prior court appearances. The trial court properly exercised its discretion when it continued the bond for one week at counsel's request. (See *People v. Ranger Ins. Co., supra*, 108 Cal.App.4th at p. 949 [counsel was "concerned something has happened" because accused made prior appearances]; *People v. Surety Ins. Co., supra*, 55 Cal.App.3d at pp. 199, 201 [counsel represented accused was receiving medical treatment].)[5]

---

[4] Although Welfare and Institutions Code section 5150 authorizes a 72-hour hold, that detention may be followed by referral for further treatment, certification for intensive treatment, or appointment of a conservator or temporary conservator. (Welf. & Inst. Code, §§ 5152, subd. (b), 5172, 5206.)

[5] At the hearing on the motion to vacate summary judgment, American argued that summary judgment was untimely entered. We do not resolve that issue because American abandoned it on appeal. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294 [issues not raised in a heading and not supported by legal argument disregarded].)

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>



TANGEMAN, J.


We concur:


YEGAN, Acting P. J.


PERREN, J.

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh for Defendant and Appellant.

Michael C. Ghizzoni, County Counsel, Maria Salido Novatt, Deputy County Counsel, for Plaintiff and Respondent.